BURROWS, Receiver &c. of The Farmers' Bank of Orleans, *against* RANSON S. SMITH.—The same *against* RICHARD J. HERRICK.—The same *against* MOSES B. SWIFT.—The same *against* DAVID TOLFORD.

*Mortgages given for bank stock; discharge of subscribers for stock.*

IN these cases bills were filed by the receiver of the effects of the Farmers' Bank of Orleans, an institution organized under the general banking law of 1838, to foreclose mortgages executed by the several defendants, to pay for stock of said institution subscribed for by them, or in case the mortgages should not be held valid, to collect the amount of their subscriptions for stock.

It appeared by the case, that the subscriptions of the defendants to the articles of association were obtained by persons who were named in the articles as commissioners, and who represented to the defendants that the bank, when it got into operation, would advance money to pay off certain incumbrances on their lands, and would then accept mortgages upon the lands in payment for stock. Subsequently, the defendants were called

upon to execute mortgages, which they did, the same assurances being repeated.

After the making of the mortgages, the defendants, with other subscribers, executed a certificate in accordance with the 16th section of the general banking law, by which the defendants certified that they were severally stockholders to the amount of their respective mortgages. Between the time of executing these mortgages and the execution of the certificate, the articles of association subscribed by the defendants had been materially altered, and it did not distinctly appear that they knew of such alteration when they signed the certificate. They attended the next annual meeting of the stockholders, after the execution of the certificate, but it was not shown whether they voted or not.

After the bank commenced doing business, the defendants severally requested the officers to advance them money to remove the incumbrances on their lands, which the officers refused to do, assigning the inability of the bank as a reason. No credit was given by the bank to the defendants for their mortgages, and no certificates of stock were issued to them. In this condition things remained some three years, when the bank failed, and the plaintiff was appointed receiver, who, after unsuccessfully calling on the defendants to pay their mortgages, commenced these suits.

*Held*, that there had been no delivery or acceptance of the mortgages, and no recovery could be had upon them.

That the alteration of the articles, after their execution by the defendants, released the defendants from their original subscriptions.

That the execution of the certificate under the 16th section did not constitute them stockholders, and that they were not made liable, by the execution of that certificate, to pay for the stock therein certified to be held by them.